UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEDRO GUZMAN GOMEZ,
(A#205-591-449),

        Petitioner,

    v.

WARDEN, CALIFORNIA CITY
IMMIGRATION PROCESSING
CENTER, et al.,

        Respondents.

No.  1:26-3490-DAD-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that petitioner was an unaccompanied minor at the time that he entered the United States without inspection by immigration officials.  ECF No. 1 at 2.  He was subsequently released from custody by the Office of Refugee Resettlement ("ORR") in 2013 to reside with a relative in Florida.  ECF No. 1 at 2.  He then applied for asylum and was issued an employment authorization document that is valid until 2029. ECF No. 1 at 3.  Immigration and Customs Enforcement ("ICE") detained him on April 2, 2026. Id. at 3.  Petitioner has no criminal record and is not subject to a final order of removal.

1

He is currently detained at the California City Immigration Processing Center located in this judicial district.  Id.

Considering all of these factors, and consistent with the court's rulings in Perez v. Albarran, No. 1:25-CV-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), and Cardenas v. Chestnut, et al., No. 1:26-cv-02073-DAD-SCR, 2026 WL 785871, which the undersigned incorporates and adopts herein, the court finds that petitioner's continued detention violates due process.  Respondents do not distinguish petitioner's case from the prior decisions issued by this court.  Therefore, petitioner is entitled to relief.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted on claim two.[1]

2.  Respondents be ordered to immediately release petitioner from their custody with the same conditions that he was subject to immediately prior to his detention on April 2, 2026.

3.  Respondents be precluded from redetaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation hearing before an immigration judge where respondents will have the burden to demonstrate a change in circumstances by clear and convincing evidence.

4.  The Clerk be directed to serve a copy of any final order requiring release on the California City Detention Facility.

5.  Any final order in this case should not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

6.  The Clerk of Court be directed to enter judgment for petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period

---

[1]  In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3