UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO GUZMAN GOMEZ,<br><br>        Petitioner,<br><br>     v.<br><br>WARDEN, CALIFORNIA CITY<br>IMMIGRATION PROCESSING CENTER<br>et al.,<br><br>        Respondents. | No.  1:26-cv-03490-DAD-SCR (HC)<br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATIONS<br><br>(Doc. Nos. 2, 8) |

Petitioner Pedro Guzman Gomez is a federal immigration detainee proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 20, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 2) be granted.  (Doc. No. 8.)  Specifically, the assigned magistrate judge found that petitioner's continued detention violates due process.  (*Id.* at 2.)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.* at 2–3.)

/////

1

On May 25, 2026, respondents filed objections to the pending findings and recommendations.  (Doc. No. 9.)  Respondents' objections consist of a single sentence stating that "[i]n order not to waive the right to appeal, Respondents generally object to the findings and recommendation of the Magistrate Judge[] for the reasons stated in its responsive pleadings."  (*Id.* at 1) (internal citation omitted).  This objection does not serve as a basis to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.[1]

For the reasons explained above,

1.      The findings and recommendations filed on May 20, 2026 (Doc. No. 8) are ADOPTED;

2.      The petition for writ of *habeas corpus* (Doc. No. 2) is GRANTED as follows:

   a.      Respondents are ORDERED to immediately release petitioner Pedro Guzman Gomez, A-File No. 205-591-449, from respondents' custody;

   b.      Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

3.      The Clerk of the Court is directed to serve the California City Immigration Processing Center with a copy of this order; and

/////

/////

---

[1]  Pursuant to the reasoning set forth in its prior order *Perez-Mendez v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-01272-DAD-AC, 2026 WL 947263, at *2 (E.D. Cal. Apr. 8, 2026), the court also concludes that petitioner is entitled to the relief sought in his petition because petitioner's initial release into this country as an unaccompanied minor by the Office of Refugee Resettlement would preclude respondents from re-detaining petitioner pursuant to 8 U.S.C. § 1225(b).

2

4.     The Clerk of the Court is directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 28, 2026**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE